UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI



Joshua Voress (73279-112)
    Petitioner, Pro se

v.

Warden Ping, FCI Yazoo Low I
    Respondent

3:24-cv-101 KHJ-MTP

Motion Under 28 USC 2241
Contemplating issues pursuant to 28 USC 1331
and relief pursuant to 5 USCS 702 and 28 USC 1361

## Summary

The first Step Act affords eligible prisoners the statutory right to apply time credits toward early release to prerelease custody. (Out-custody) From there, the Bureau may apply up to 365 credits to reduce the sentence and begin the term of supervision up to a year early.

Mr. Voress has <u>earned</u> 855 days toward his transfer to prerelease custody. Yet he is being denied all but 365 days. Isn't the BOP obligated to comply with federal law?

## Background

Joshua Voress plead guilty to one count of 21 USC 846 and 21 USC 841(b)(1)(A) Conspiracy to Possess With Intent to Distribute 500 grams or more of a Substance Containing a Detectable Amount of Methamphetamine(case no. DVAW716000054-001) and on 5-19-2017 was sentenced in the Western District of Virginia to 170 months in federal prison. His statutory GCT release is <u>5-26-2028</u>(Exhibit 1). Mr. Voress has been a model prisoner and completed over 140 programs(Exhibit 2). He has also completed and graduated from RDAP and earned an additional year off his sentence, making his projected release date <u>5-26-2027</u>.

He is also eligible under the Second Chance Act(SCA) five factor review and its update guidance per the first Step Act(FSA) which would further adjust his transfer to prerelease custody on <u>1-21-2024</u>(Exhibit 3).

**Argument**

I. The Bureau has no discretionary authority over who is and is not eligible under the First Step Act of 2018.

The FSA is unambiguous in its language regarding which offenses are ineligible and under what conditions (18 USC 3632(d)(4)(D)(i)-(lxviii)). On 1-19-2022 The Bureau stipulated this fact. "It is outside the Bureau's authority to alter the exclusions of the FSA." (28 CFR 523 and 541 of FR. vol 87, No. 12, Pg 2713 col. 1). This is a defining statement that the Bureau has no discretionary authority regarding FSA eligibility. Mr. Voress's charges are not among the 68 enumerated offenses(id), therefore he is eligible. The Bureau concedes this point (see Exhibits 2 and 3).

II. Mr. Voress has earned the FSA time credits he wishes applied.

A) How Are FSA Time Credits Earned?

"The number of FTCs earned is based on the <u>length of your incarceration</u> and your total number of <u>programming days</u>." (FSA A+O Addendum, Pg 5, 11-22-23) (Exhibit 4)

"Programming days" are all days you are NOT in the SHU, hospital or writ. This includes all "opt-in" and non "refusal status" none of which involve actual programming. The Bureau turned away from actual programming pursuant to the mandates of 18 USC 3632(d)(4)(A)(i) and (ii) "A prisoner <u>shall</u> earn 10 days "(or 15 respectively)" of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." In lieu of this, the Bureau adopted 28 CFR 523.42(c) "For every thirty-day period that an eligible inmate has successfully participated in EBRR programs or PA..." while these may sound like the same thing - in point of fact - the Bureau has semantically altered the language of the statute which has a primary focus on "programming" to that of "time frame".

Though the court may disagree with this point of linguistic analysis,

it should be noted that the Supreme Court is currently deciding the definition of the word "and". Regardless, the Courts have allowed and adopted the Bureau's approach (see Bray v Yates 2:22-CV-142. 2023 V6 Dist Lexis 63520, 2023 WL 2894918 at *6 (E.D. ARK. Apr 11, 2023) (8th Cir 2023). Thus the Courts agree with the Bureau's determination of how time credits are earned, thus they are comparable to Good Conduct Time in application.

B) Based on the above(A), then Mr. Voress has a liberty interest in the time credits he has earned pursuant to the FSA.

(1) Teague v Quarterman 482 F 3d 769, 777-780 (5th Cir 2007)(holding that deprivation of ayy amount of good time is a liberty deprivation, rejecting the argument that good time loss can be de minimus.) Also see Sandin v Conner 515 US 472, 477-78, 115 S.Ct. 2293 (1995) and Sanford v Manternach 601 N.W. 2d 360, 366-68 (IOWA 1999)(holding that Iowa's good time statute creates a liberty interest because it would inevitably affect the length of time a prisoner served.) After Sandin, the statute need not be mandatory to create a liberty interest.

The FSA, however, does statutorily mandate not only who is eligible (id) and further exactly when those earned credits are to be applied. 18 USC 3624(g)(1)(A) "Eligible prisoners... has earned time credits... in an amount that is equal to the remainder of prisoner's term of imprisonment;... (2) SHALL be placed in prerelease custody..."

(2) The court in Hassan v Hajar 2023 US Dist Lexis 18226(Feb. 3, 2023)(5th Cir) and gutierrez v Hijar 2023 US Dist Lexis 8339, EP-22-CV-466-FM (5th Cir Jan 18, 2023) rejected the liberty interest argument citing Gallegos-Hernandez v United States 688 F. 3d. 190, 194-96 (5th Cir 2012) in which the 5th Circuit Court of Appeals appealed a prisoner's challenge to the constitutionality of a BOP regulation which excluded his participation in early release programs based on his status of non-citizen with a detainer... citing 28 CFR 550.55

("As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release: (1) Immigration and Customs Enforcement detainees.")

In this regard, Gallegos-Hernandez is inapplicable because Congress addressed the detainer issue in 18 USC 3632(d)(4)(E) holding ineligible those with a final order of deportation. Furthermore, the Bureau has stipulated to this its ruling on pending charges "under the FSA individuals... have earned Federal Time Credits are eligible to apply those additional credits toward halfway house and/or home confinement <u>regardless of their detainer status</u>. This benefit applies to non-US citizens..." (Exhibit 6)

In both Hassan and Gutierrez the court stated "But earned time credits - as determined by the BOP - are "applied toward time in prerelease custody or supervised release id 3632(d)(4)(c). And the Director may transfer a prisoner into prerelease custody or supervised release based on earned time credits only in accordance with 3624. id 3624(b), (c)." It is clear the court mixed it's metaphors in this determination. 18 USC 3632(d)(4)(C) is clear and unambiguous in its language. "Time credits earned under this paragraph by prisoners... <u>shall be applied</u> toward time in prerelease custody or supervised release. The Director... <u>shall transfer</u> eligible prisoners, as determined under section 3624(g) [18 USC 3624(g)] into prerelease custody or supervised release." So the court in both Hassan and Gutierrez misrepresented the section on 18 USC 3624 to (b) and (c) (which applies to those prisoners who are ineligible for FSA) because to correctly reflect 3632(d)(4)(c) the court would have to acquiesce to the validity of the liberty interest argument. Wherein 18 USC 3624(g) mandates the exactitude of when the Director <u>SHALL</u> transfer a prisoner who is otherwise qualified.

Again, the court in Hassan and Gutierrez further relied on inapplicable case law referencing both United States v Wilson 503 US 329, 335, 112 S. Ct.

1351, 117 L. Ed. 2d 593(1992)(citing 18 USC 3621(a).) Wilson is inapplicable or at least incorrectly applied wherein the reference to 28 CFR 0.96 "The Director... is authorized to exercise or perform any of the authority, functions or duties conferred or <u>imposed</u> upon the Attorney General by any law relating to the commitment, control, or treatment of persons... convicted of offenses against the United States." The First Step Act <u>is</u> (Pub. L 115-391) Law and it mandates how eligible prisoners are to be transferred to prerelease custody - id at 3632(d)(4)(c) and 3624(g)(1),(2)(3) and even that time limits of 3624(b) and (c) do not apply - id at 3624(g)(10).

Lastly, the court in Hassan and Gutierrez relied on Leal v Tombone 341 R 3d, 427, 428 (5th Cir 2003)("The Attorney General through the Bureau of Prisons (BOP), determined what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentence; (18 USC 3585(b)). This is inapplicable as Jail Time Credits (JTC) are a "pre-sentence" determination. FSA Time Credits are a mathematical calculation based on the time spent "in" prison. Thus 3585(b) doesn't factor in anywhere in the calculations of the First Step Act.

(3) Mr Voress has earned 855 days of time credits to be applied toward his time in prerelease custody (id 3632 (d)(4)(c) and 3624(g)). The liberty interest is further solidified because the repeated use of the word <u>shall</u> in what the Director of the Bureau of Prisons must do (see Wisconsin Cent. Ltd. v United States, 138 S. Ct. 2067, 2074 (2018) ("fundamental statutory construction, that words generally be interpreted as taking their ordinary contemporary common meaning... at the time Congress enacted the statute.") Accordingly, Merriam-Webster's Collegiate Dictionary (10th ed)(c)(1997):

<u>SHALL:</u> (1)(a) Will have to: Must; (2)(a) - used to express a command or exhortation; (b) used in laws, regulations, or directives to express what is mandatory; (3)(a) Used to express what is inevitable...

The repeated use of shall in the First Step Act is clue to the determination

of Congress that its will be obeyed and a liberty interest is created. see (OLIM v Wakinekona 103 S. Ct. 1741, 75 L Ed. 813, 461 US 238 (1983)("A state creates a protected liberty interest, within the meaning of the Due Process clause of the 14th Amendment by placing substantive limits on official discretion.") Congress defined who is and who is NOT eligible. The Bureau stipulated this in the CFR of 1-19-2022. 18 USC 3632 and 3624(g) direct the BOP, how an inmate can earn time credits as well as how and when they are to be applied. In fact, the only place where the Director has any discretion is in 18 USC 3624(g)(3) which says "The Director... may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months..." The Director has subsequently relinquished this discretionary authority by granting all eligible prisoners 365 off their sentence. (id at Exhib. 3)("FTCs Toward Release: 365")

Therefore if the Bureaus discretionary authority is limited (id) then to deny that which has been earned is a violation of the equal protection clause of the 5th amendment. The 5th amendment forbids the federal government [BOP] to deny any person within its jurisdiction the equal protection of the laws.

The Bureau has tried to obfuscate these mandates in their FSA policy statement 5410.01 CN-2 (3-2023)(Exhibit 5) stating that "To apply FTCs to prerelease placement an inmate ordinarily must otherwise be eligible to participate in prerelease custody consistent with the limitations in program statement Community Correction Center(CCC) utilization and transfer procedure" (PS 7310.01 last updated in 1998) This policy statement does not consider changes to law from the Second Chance Act of 2008 (10 years later and directly affected PS 7310.04 nor does it consider the First Step of 2018 (20 years later and nullifies PS 7310.04 where eligible prisoners are concerned as all requirements are codified in 3624(g).

**Federal Question pursuant to 28 USC 1331**

Do BOP policies have the authority to overrule or outweigh Federal law?

III Mr. Voress is overdue for transfer to prerelease custody as of 1-21-2024.

A) Mr. Voress time/time credits calculation (Exhibits 1 and 3)

| | |
|---|---|
| <u>Statutory Release Date</u>(85% date) | 5-26-2028 |
| <u>RDAP Year off (18 USC 3621(e)) (-1 yr)</u> | 5-26-2027 |
| <u>Second Chance Act (-1 year) (Exhibit 2)</u> | 5-26-2026 |
| <u>FTCs toward Release (365) (-1 year)</u> | 5-26-2025 |
| <u>(FTCs toward RRC/HC) (490) (1 yr, 4 mo, 5 d)</u> | **<u>1-21-2024</u>** |

(Note: The FSA Credit Assessment was run on 12-3-2023 there has been two 30-ay assessments done adding 30 days of Time Credits to Mr. Voress's 460 days now totalling 490 days)

B) Prerelease Custody is NOT Supervised Release

While the courts recognize prisoners have a liberty interest in being released on time and in a conformaty with the sentence imposed and with <u>other</u> relevant laws such as those providing for good time. (See Sample v Dircks 855 F. 2d. 1090, 1114) (3rd Cir 1989); Bergen v Spaulding 881 F. 2d. 719, 721 (9th Cir 1989); Toney-El v Franzen, 777 F. 2d. 1224, 1226-27 (7th Cir 1985); McGunn v Cunningham 315 F. Supp. 2d 150, 155 (D.N.H, 2004)("Any continued detention after the [state] has lost its lawful authority to hold a prisoner deprives him of a liberty interest in freedom..."

Mr. Vor3ss also stipulates that prerelease custody - while not "In-custody" it is "out-custody" and the relationship to lesser restrictive forms of imprisonment are specifically factored into the FSA (18 USC 3624(g)(4)) "...increasingly less restrictive conditions shall be imposed on prisoners who demonstrate continued compliance with the conditions of prerelease custody."

Furthermore, 3624(g) prioritizes the forms of prerelease custody in (g)(2)(A) Home Confinement; (B) RRC placement. Therefore the priority onus is on Home

Confinement and when an inmate doesn't have a home... RRC placement. Mr. Voress has a home to go to and has additionally been accepted in the "Beit T'Shuvah", an addiction recovery center. (Exhibit 7)

That Mr. Voress has not been transferred to prerelease custody violates his rightrs of equal protection and is now being held without proper due process.

IV. Compliance with the Prison Litigation Reform Act, Exhaustion Requirement

A) The 5th and 11th Circuits both have required federal prisoners to fully exhaust any available administrative remedies before challenging prison conditions in federal court. (See Woodford v Ngo 548 US 81, 90-91, 126 S. Ct. 2378, 1652 L. Ed. 2d 368 (2006) "Under a provision of the Prison Litigation Reform Act of 1995 (PLRA)(42 USCS 1997e(a)), which requires a prisoner to exhaust any available administrative remedies before challenging prison conditions in federal court...(2) Prisoners must exhaust "all available" remedies, not just those that meet the federal standards...

However, both the 5th and 11th Circuits have recognized that exceptions to the exhaustion requirement exist even if the window is narrow. (See DCP Farms v Yeutter 957 F 2d. 1183, 1188 (5th Cir)) Cert denied, 113 S. Ct. 406, 121 L. Ed. 2d 331 (1992)("Exceptions to the requirement that administrative remedies be exhausted apply only in extraordinary circumstances. The first is when the plaintiff contends the administrative system itself is unlawful or constitutional. The second is when the plaintiff demonstrates that it would be futile to comply with the administrative process because its clear the claim will be rejected.) and (Hessbrook v Lennon 777 F 2d 999, 1003 (5th Cir 1985)("Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would be patently futile course of action.")) And Stewart v Snider No 1:22-CV-00294-MHH, 2022 US Dist Lexis 100482, 2022 WL 2019965(N.D. AL)(June 6, 2022) a case

where exhaustion was excused in part because of Petitioner's release date.

(B) Mr. Voress has attempted to comply with the precepts of the PLRA, but the Bureau of Prisons at Yazoo has refused to cooperate in the process. Mr. Voress offers <u>Exhibit 8</u> Letter to Internal Affairs and its accompanying exhibits (A),(B),(C). Mr. Voress made 3 attempts to get a BP-8 (Informal Remedy) before actually receiving one. Then he turned it in on 1-4-2024. Between all this, Mr. Voress, a Jewish inmate, overheard his unit counselor telling other inmates "Hitler was right." Parroting the over 46,000 times that this phrase was used on social media (according to the NY Times). When Mr. Voress confronted Counsllor Jefferson about the comment he said "Uh... Um... I was referring to Hitler's economic policies." (Stealing wealth from Jewish people then exterminating or enslaving them? Those economic policies? Hardly better...) This in and of itself is an extraordinary circumstance.

Mr. Jefferson has since refused to return the BP-8 which is required to move on to the BP-9. Even though policy allows for the inmate to proceed sans answer, in practice any step to the next level is routinely denied without the previous level answer.

Additionally, the Yazoo prison staff is so caught up in their own processes, Mr. Voress can't simply go to another counselor, case manager, or unit manager to get his BP-8 back or even a BP-9. Therefore he has exhausted the "available" remedies and cannot go further without cooperation from the Unit Counselor Jefferson which to date has been futile.

Additionally, Mr. Voress is in a position where delay further harms him as his transfer date to prerelease custody has come and gone.

(C) 5 USCS 702 and 28 USC 1361 Allow the Court to take immediate action in a situation such as this.

5 USC 702 - An action in a Court of the United States seeking relief other than monetary damages, and stating that an agency [the BOP] or an officer

[Counselor Jefferson] acted or failed to act in an official capacity or under color of legal authority shall not be dismissed or relief therein denied..."

Relief sought by Mr. Voress is transfer to Home Confinement pursuant to 18 USC 3624(g) as mandated under the First Step Act. (see Byrd v Moore 252 F Supp. 2d 293, 302 (W.D. NC 2003)("Granting injunction in the nature of mandamus to follow terms of federal statute and consider plaintiff for a CCC.") Also see (Simmat v U.S. Bureau of Prisons, 413 F 3d 1225 1235 (10th Cir 2005)("District Court has mandamus jurisdiction to require prisoner to be examined by dentists and to have their recommendations implemented.")

28 USC Action to compel an officer of the United States to perform a duty. The District Court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency through to perform a duty owed to the plaintiff.

## Conclusion

Mr. Voress is eligible for the benefits afforded to eligible inmates under thye FSA. He has earned 855 days of credits toward prerelease custody and early satisfaction of his term of incarceration. He <u>earned</u> thoser credits and now has a liberty interest in applying them to time in prerelease custody. None of this is disputable as BOP policy validates Mr. Voress's position. However, Mr. Voress remains "in-custody" at Yazoo rather than having been timely transferred to prerelease custody. (Home confinement where there is no problem with bedspace).

His continued incarceration is in part due to his Unit Counselor who has made his personal issues with Mr. Voress being a Jew, clear and in violation of BOP policy 1040.04 Non-Discrimination Against Inmates. This attitude also permeates the rest of the unit team who should have begum to arrange Mr. Voress transfer no later than Nov. 2023.

Mr. Voress prays this Court will issue a Mandamus or other relief the

Court deems appropriate to direct the Bureau and staff of the Yazoo federal prison to transfer him directly to prerelease custody.

Mr. Voress also makes clear the BOP initiating this transfer on its own does not moot the harm done to him by the Bureau and Counselor Jefferson and any others involved in denying him transfer to prerelease custody at the appropriate time pursuant to federal law.

Respectfully submitted this 6 day of February, 2024.

Joshua Voress
#73279-112

## CERTIFICATE OF SERVICE

Joshua Voress, pro se, certifies that on February 6, 2024, he delivered a true and correct copy of the foregoing Motion for Leave to Proceed, dated 2/6, 2024, and the exhibits attached thereto, to the following:

United States District Court
Southern District of Mississippi
501 E. Court Street
Suite 2500
Jackson, MS 39201-2409

The opposing party will receive notification of this filing via the Court's CM/ECF system.

_____
Joshua Voress

## VERIFICATION

I swear under the penalty of perjury as authorized in 28 U.S.C. §1746, that the foregoing statements are true and correct to the best of my knowledge.

_____
Joshua Voress