IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOSHUA VORESS**                                                                           **PETITIONER**

v.                                                              CIVIL ACTION NO. 3:24-cv-101-KHJ-MTP

**WARDEN PING**                                                                           **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Joshua Voress's Petition [1] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and his Motion for Leave to Proceed [2]. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Motion [2] be denied and the Petition [1] be dismissed without prejudice.

## BACKGROUND

According to Petitioner, on May 19, 2017, he was sentenced in the United States District Court for the Western District of Virginia for conspiracy to possess with intent to distribute methamphetamine. Petitioner is currently housed at the Federal Correctional Complex in Yazoo City, Mississippi. ("FCC Yazoo City").

On February 20, 2024, Petitioner filed the instant action under 28 U.S.C. § 2241 arguing that he has earned First Step Act time credits,[1] which the Bureau of Prisons ("BOP") has not applied to his sentence. Petitioner also filed a Motion [2] seeking leave to proceed in this Court without exhausting his administrative remedies through the BOP. Respondent file a Response [8] arguing, *inter alia*, that the Petition [1] should be dismissed because Petitioner failed to exhaust his administrative remedies prior to filing this action. Petitioner filed no reply.

---

[1] *See* 18 U.S.C. § 3632. The First Step Act provides eligible inmates with opportunities to participate in and complete recidivism reduction programs or productive activities which offer the inmates potential reductions in their sentences.

1

## ANALYSIS

Prior to seeking habeas relief pursuant to 28 U.S.C. § 2241, a federal inmate must exhaust his administrative remedies through the BOP. *Rourke v. R.G. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). "[P]roper exhaustion of administrative remedies is necessary," and the exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Herrera-Villatoro v. Driver*, 269 Fed. App'x. 372 (5th Cir. 2008).

There are exceptions to the exhaustion requirement, but these exceptions only apply in "extraordinary circumstances." *Broderick v. Chapman*, 364 Fed. App'x. 111, 112 (5th Cir. 2010). "'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller*, 11 F.3d at 62 (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). A petitioner seeking waiver of the exhaustion requirement bears the burden of demonstrating the futility of administrative review. *Id*.

Respondent, citing 28 C.F.R. §§ 542.13-542.15, points out that the BOP has a multi-step administrative process for resolving prisoner complaints. Initially, an inmate must attempt to informally resolve the complaint with staff. Thereafter, the inmate must submit a request for administrative remedies to the warden. If the inmate is dissatisfied with the warden's response, he may appeal to the Regional Director. If the inmate remains dissatisfied, he may proceed to the final step of the grievance process, an appeal to the BOP's Office of General Counsel. *See* C.F.R. §§ 542.13-542.15.

In his Petition [1] and Motion [2], Petitioner argues that he should not be required to exhaust his administrative remedies. He asserts that it took three requests to acquire a form for informal remedies (BP-8). *See* [1] at 9. According to Petitioner, he eventually received the informal-remedies form and submitted the request on January 4, 2024, but did not receive a response. *Id*. The official (unit counselor) who received Petitioner's request allegedly has shown animus towards Petitioner because he is Jewish. Petitioner did not continue the administrative remedies process and, instead, filed this action.

Even if Petitioner did not receive a response to his request for informal remedies, "the regulations of the [BOP] provide authority for inmates who do not receive timely responses to administrative remedy submissions to pursue their appeals." *Flores v. Lappin*, 580 Fed. App'x 248, 250 (5th Cir. 2014). Indeed, Petitioner acknowledges that BOP "policy allows for the inmate to proceed sans answer . . . ." *See* [1] at 9. Additionally, "[a]n informal resolution attempt may be waived in individual cases at the Warden or institution Administrative Remedy Coordinator's discretion when the inmate demonstrates an acceptable reason for bypassing informal resolution." 28 C.F.R. § 542.13(b).

Petitioner did not submit a request for administrative remedies to the warden, but argues that he should not be required to exhaust because any continuation to "the next level is routinely denied without the previous level answer." *See* [1] at 9. He also argues that exhaustion should not be required because the process can "take as long as six months . . . ." *See* [2] at 1. The fact that it takes time to exhaust administrative remedies does not excuse Petitioner from completing the process. The Supreme Court noted that while exhaustion or remedies may take time, "there is no reason to assume that . . . prison administrators . . . will not act expeditiously." *Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973). "Furthermore, the fact that petitioner believes his

3

appeals would be denied or not responded to is not sufficient to establish the extraordinary circumstances required to excuse exhaustion." *Mercado-Pedroza v, Warden*, 2018 WL 1310008, at *3 (E.D. Tex. Feb. 13, 2018).

Petitioner chose to discontinue the administrative remedies process because he believed it would be a lengthy process and his request might be denied or rejected. These reasons do not amount to extraordinary circumstances required to waive the exhaustion requirement. Thus, this action should be dismissed without prejudice for Petitioner's failure to exhaust administrative remedies prior to filing this action.

## CONCLUSION AND RECOMMENDATION

The record shows that Petitioner did not exhaust his administrative remedies, and he has failed to demonstrate any extraordinary circumstances that would warrant waiving the exhaustion requirement. Thus, the undersigned recommends that:

1. The Motion for Leave to Proceed [2] be DENIED and
2. The Petition for Writ of Habeas Corpus [1] be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual

findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 1st day of July, 2024.

s/ Michael T. Parker<br>United States Magistrate Judge